IN RE MATTHEW JOHN KWONG,      No. 3:17-cv-00496 (SRU)
Appellant.

## RULING DISMISSING APPEAL FOR LACK OF JURISDICTION

Matthew John Kwong has appealed an order of Chief United States Bankruptcy Judge Julie A. Manning dated February 21, 2017, which dismissed his Chapter 13 bankruptcy petition. Under Federal Rule of Bankruptcy Procedure 8002(a), Kwong was required to file a notice of appeal no later than March 7, 2017, two weeks after the entry of Judge Manning's order. He did not file a notice of appeal until March 24, 2017. Timely filing of the notice is a jurisdictional prerequisite. Hence, I lack subject matter jurisdiction, and I dismiss Kwong's appeal *sua sponte*.

**I.      Standard of Review**

A federal district court has jurisdiction to hear appeals of "final judgments, orders, and decrees" of the bankruptcy court for the same district pursuant to 28 U.S.C. § 158(a). When reviewing bankruptcy appeals, the district court reviews conclusions of law *de novo* and applies the clearly erroneous standard to findings of fact. *In re Ionosphere Clubs*, 922 F.2d 984, 988 (2d Cir. 1990). The district court may "affirm, modify, or reverse a bankruptcy court's judgment, order, or decree[,] or remand with instructions for further proceedings." *In re Indicon*, 499 B.R. 395, 400 (D. Conn. 2013) (quoting former Federal Rule of Bankruptcy Procedure 8013).

To appeal from a bankruptcy court's order, a party must file "a notice of appeal . . . with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). "[T]he time limit prescribed by Rule 8002(a) is jurisdictional," and "in the absence of a timely notice of appeal . . . , the district court is without

jurisdiction to consider the appeal." *In re Indu Craft*, 749 F.3d 107, 115 (2d Cir. 2014) (quoting *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) (per curiam)). As the party seeking to invoke the court's jurisdiction, the appellant bears the burden to establish that jurisdiction. *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994) (citing *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). Because "jurisdiction goes to the heart of a federal court's power," I am "obligat[ed] to consider the presence or absence of subject matter jurisdiction *sua sponte*." *In re Tronox, Inc.*, __ F.3d __, __, 2017 WL 1403001, at *20 (2d Cir. 2017) (internal quotation marks omitted).

## II. Background

Matthew John Kwong filed a voluntary petition for bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on March 9, 2016. *See* Bankr. Doc. No. 1. On December 16, 2016, the Chapter 13 Standing Trustee, Molly T. Whiton ("the Trustee"), filed a motion to dismiss Kwong's case, asserting that he "failed to prosecute th[e] case and/or propose a confirmable plan." Bankr. Doc. No. 31. After notice, briefing, and a hearing, Judge Manning dismissed Kwong's case without prejudice on February 21, 2017.[1] *See* Bankr. Doc. No. 51.

On March 3, 2017, Kwong filed a *pro se* motion for an extension of the automatic stay imposed pursuant to 11 U.S.C. § 362, while he appealed Judge Manning's order of dismissal to this court. *See* Bankr. Doc. No. 53. On March 10, 2017, Judge Manning denied Kwong's motion, reasoning that, under 11 U.S.C. § 362(c)(2)(B), "[t]he automatic stay is no longer in place upon dismissal of [the] case." Bankr. Doc. No. 56, at 1 (citing 11 U.S.C. § 362(c)(2)(B) ("[T]he stay . . . continues until . . . the time the case is dismissed . . . .")).

---

[1] "[A] dismissal without prejudice in the bankruptcy context . . . [is] final and appealable" under 28 U.S.C. § 158. *See Pal Family Tr. v. Ticor Title Ins.*, 490 B.R. 480, 482–85 (S.D.N.Y. 2013).

2

Kwong then filed a notice of appeal of the dismissal order and a motion for leave to proceed *in forma pauperis*[2] on March 24, 2017. Bankr. Doc. No. 58; Doc. No. 1. On March 29, 2017, Kwong filed another motion for a stay pursuant to Rule 8007(a) in this court. Doc. No. 5. I set the briefing deadlines on March 30, 2017. Doc. No. 6.

**III. Discussion**

Federal Rule of Bankruptcy Procedure 8002(a) provides that a party seeking to appeal from a bankruptcy court's order must file "a notice of appeal . . . with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). The 14-day period includes Saturdays, Sundays, and legal holidays, except that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Bankr. P. 9006(a)(1). In the present case, the order of dismissal was entered February 21, 2017. Kwong was required to file a notice of appeal by March 7, 2017, but he did not do so until March 24, 2017. *See* Doc. No. 1. Therefore, I lack jurisdiction to hear his appeal. *In re Indu Craft*, 749 F.3d at 115.

The Second Circuit repeatedly has held that "the time limit contained in Rule 8002(a) is jurisdictional." *In re Coudert Bros. LLP*, 673 F.3d 180, 185 (2d Cir. 2012) (quoting *In re Siemon*, 421 F.3d at 169); *see also, e.g.*, *In re Indu Craft*, 749 F.3d at 115; *In re Harris*, 464 F.3d 263, 269–70 (2d Cir. 2006) ("[W]here the debtor does not file a timely notice of appeal . . . the court has no choice but to dismiss the case."). As the Second Circuit has noted, 28 U.S.C. § 158—the statute that empowers district courts to hear appeals from bankruptcy courts— explicitly provides that appeals "shall be taken . . . in the time provided by Rule 8002." *In re*

---

[2] On both the docket of this court and of the bankruptcy court, the motion is misdescribed as a "motion for leave to appeal." *See* Bankr. Doc. No. 59; Doc. No. 2.

3

*Indu Craft*, 749 F.3d at 114–15 (quoting 28 U.S.C. § 158(c)(2)). "Section 158(c)(2) . . . determin[es] jurisdiction by incorporating the time limits prescribed in Rule 8002(a)," *id.* at 115 (quoting *In re Latture*, 605 F.3d 830, 837 (10th Cir. 2010)), and, in consequence, "[f]ailure to file a timely notice of appeal . . . deprives the district court of jurisdiction to review the bankruptcy court's order." *In re Universal Minerals*, 755 F.2d 309, 312 (2d Cir. 1985).

There are several means to extend the 14-day period for appeal, but none helps Kwong here. First, "[i]f a party timely files in the bankruptcy court any of" four specified motions, then "the time to file an appeal runs . . . from the entry of the order disposing of the last such remaining motion." Fed. R. Bankr. P. 8002(b)(1). Those motions are (i) "to amend or make additional findings under Rule 7052," (ii) "to alter or amend the judgment under Rule 9023," (iii) "or a new trial under Rule 9023," or (iv) "for relief under Rule 9024." *Id.* Kwong did not file any of those motions in the bankruptcy court. The motion he did file—for a stay pending appeal— "did not toll the time to file a notice of appeal to this court." *Argus Grp. 1700 v. Steinman*, 206 B.R. 757, 767–68 (E.D. Pa. 1997) (noting that "a motion . . . for a stay pending appeal" is not listed as "toll[ing] time to appeal" in Rule 8002(b)). Thus, Kwong's belated appeal is not rendered timely by Rule 8002(b)(1).

Second, "the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed (A) within the time prescribed [i.e., 14 days] . . . ; or (B) within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). Kwong has neither filed such a motion nor made any showing of "excusable neglect."[3] *See id.* Furthermore, Rule 8002(d)(1) "requires that a motion for extension to be filed *in the bankruptcy*

---

[3] "Although "*pro se* status is relevant in determining whether there has been excusable neglect," such status alone is insufficient for a finding of excusable neglect." *In re Soundview Elite Ltd.*, 512 B.R. 155, 159 (S.D.N.Y. 2014).

4

*court.*" *In re Universal Minerals*, 755 F.2d at 312 (emphasis added); *see* Fed. R. Bankr. P. 8002(d)(1). Lacking jurisdiction, I cannot "pass upon any claim . . . for an extension of time for filing." *In re Universal Minerals*, 755 F.2d at 312. Finally, even had Kwong properly filed a motion with the bankruptcy court, "[t]he bankruptcy court may not extend the time to file a notice of appeal if the judgment, order, or decree appealed from . . . grants relief from an automatic stay under [section] 362." Fed. R. Bankr. P. 8002(d)(2); *see* Fed. R. Bankr. P. 8002 Adv. Comm. Note (1997 Amend.) ("These types of orders are often relied upon immediately after they are entered and should not be reviewable on appeal after the expiration of the original appeal period . . . ."). As Judge Manning noted, her order of dismissal terminated the automatic stay under 11 U.S.C. § 362(c)(2)(B). *See* Bankr. Doc. No. 56, at 1. As a result, Judge Manning could not have extended the time for Kwong to file his notice of appeal.

"[Rule] 8002(a) is jurisdictional, even for *pro se* litigants," *Chaturvedi v. O'Connell*, 335 F. App'x 145, 146 (2d Cir. 2009) (summary order) (citing *In re Siemon*, 421 F.3d at 169), and courts in this circuit have held that even a one-day delay in filing the notice of appeal is enough to deprive the court of jurisdiction. *See, e.g.*, *In re Residential Capital*, 519 B.R. 606, 610 (S.D.N.Y. 2014) (*pro se* bankruptcy appeal dismissed for lack of jurisdiction when filed one day late); *Surabian v. Picard*, 2014 WL 917091, at *1 (S.D.N.Y. Mar. 7, 2014) (two days late); *Chaturvedi v. O'Connell*, 2008 WL 2276690, at *2 (S.D.N.Y. June 2, 2008) (one day late), *aff'd*, 335 F. App'x 145. Here, Kwong filed a notice of appeal of the dismissal order on March 24, 2017, more than two weeks after the expiration of the 14-day period in which he could file an appeal. Therefore, I lack jurisdiction to hear his case, and the appeal must be dismissed.

5

## IV.     Conclusion

Kwong's bankruptcy appeal was untimely filed, which deprives the district court of jurisdiction under Rule 8002(a) and 28 U.S.C. § 158(c)(2). As such, I dismiss Kwong's case *sua sponte* for lack of subject matter jurisdiction. The Clerk is directed to terminate the case.

So ordered.

Dated at Bridgeport, Connecticut, this 24th day of April 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge