UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE MATTHEW JOHN KWONG, Appellant. | No. 3:17-cv-00496 (SRU) |

## RULING AND ORDER

Matthew John Kwong has moved for reconsideration of my April 24, 2017 ruling dismissing his bankruptcy appeal for lack of subject matter jurisdiction. I grant Kwong's motion but, after considering his arguments, I deny his requested relief and adhere to my earlier ruling.

### I. Standard of Review

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, et al., *Federal Practice & Procedure* § 4478).

### II. Background

Matthew John Kwong filed a voluntary petition for bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on March 9, 2016. *See* Bankr. Doc. No. 1. On December 16, 2016, the

Chapter 13 Standing Trustee, Molly T. Whiton ("the Trustee"), filed a motion to dismiss Kwong's case, asserting that he "failed to prosecute th[e] case and/or propose a confirmable plan." Bankr. Doc. No. 31. After notice, briefing, and a hearing, Judge Manning dismissed Kwong's case without prejudice on February 21, 2017.[1] *See* Bankr. Doc. No. 51.

On March 3, 2017, Kwong filed a *pro se* motion for an extension of the automatic stay imposed pursuant to 11 U.S.C. § 362, while he appealed Judge Manning's order of dismissal to this court. *See* Bankr. Doc. No. 53 ("Pursuant to Federal Rule[] of Bankruptcy Procedure § 8007, the Petitioner . . . respectfully request[s] relief of an extension of the Automatic Stay . . . pending appeal of his case to the U.S. District Court from an Order Granting Trustee's Motion [t]o Dismiss Chapter 13 Case . . . ."). On March 10, 2017, Judge Manning denied Kwong's motion, reasoning that, under 11 U.S.C. § 362(c)(2)(B), "[t]he automatic stay is no longer in place upon dismissal of [the] case." Bankr. Doc. No. 56, at 1 (citing 11 U.S.C. § 362(c)(2)(B) ("[T]he stay . . . continues until . . . the time the case is dismissed . . . .")).

Kwong then filed a notice of appeal of the dismissal order and a motion for leave to proceed *in forma pauperis*[2] on March 24, 2017. Bankr. Doc. No. 58; Doc. No. 1. Kwong's appeal was filed more than "14 days after entry of the judgment, order, or decree being appealed." *See* Fed. R. Bankr. P. 8002(a)(1). As a result, Kwong's appeal was untimely, and I lacked jurisdiction to hear the case. *See In re Indu Craft*, 749 F.3d 107, 115 (2d Cir. 2014) ("[T]he time limit prescribed by Rule 8002(a) is jurisdictional," and "in the absence of a timely

---

[1] "[A] dismissal without prejudice in the bankruptcy context . . . [is] final and appealable" under 28 U.S.C. § 158. *See Pal Family Tr. v. Ticor Title Ins.*, 490 B.R. 480, 482–85 (S.D.N.Y. 2013).

[2] On both the docket of this court and of the bankruptcy court, the motion is misdescribed as a "motion for leave to appeal." *See* Bankr. Doc. No. 59; Doc. No. 2.

notice of appeal . . . , the district court is without jurisdiction to consider the appeal."). Therefore, on April 24, 2017, I issued a ruling and order dismissing Kwong's appeal for lack of subject matter jurisdiction. *See* Doc. No. 9. Kwong now asks that I reconsider that ruling.

**III.    Discussion**

In his motion for reconsideration, Kwong essentially argues that Judge Manning and I should have construed Kwong's motion to stay pending appeal to be a motion for relief from a judgment or order.[3] Unlike a motion for a stay pending appeal (made pursuant to Bankruptcy Rule 8007(a)(1)(A)), a motion for relief from a judgment or order (made pursuant to Bankruptcy Rule 9024) *does* toll the time to appeal until "the entry of the order disposing of the . . . motion." Fed. R. Bankr. P. 8002(b)(1). Kwong argues that the motion he filed on March 3, 2017—though captioned a "motion for extension of automatic stay pending appeal"—was really a motion for Judge Manning to reconsider her order dismissing his case. *See* Doc. No. 14. Because that motion was made within 14 days of Judge Manning's order, Kwong contends that his time to appeal only began to run when Judge Manning denied the motion for reconsideration on March 10, 2017. *See* Bankr. Doc. No. 56. Kwong's notice of appeal was filed exactly 14 days after that, *see* Doc. No. 1, and so, Kwong argues, his appeal was timely and jurisdiction exists in this court.

I disagree. For several reasons, Kwong's argument cannot "reasonably be expected to alter the conclusion reached by the court." *See Shrader*, 70 F.3d at 257. First, on its face,

---

[3] Alternatively, Kwong contends that a motion to stay pending appeal is "a subset motion to those, seeking 'Relief from' a 'Judgment or Order.'" Doc. No. 14, at 10. He reasons that, under Bankruptcy Rule 9024, "[Bankruptcy] Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending," and that Bankruptcy Rule 8008, in turn, applies to "timely motion[s] in the bankruptcy court for relief." *Id.* (quoting Fed. R. Bankr. P. 8008 & 9024). But Kwong's March 3, 2017 motion was made well before his "appeal ha[d] been docketed and [was] pending." Fed. R. Bankr. P. 8008. Thus, Bankruptcy Rule 8008 does not apply here, regardless of whatever force Kwong believes it lends to his argument.

3

Kwong's March 3, 2017 motion belies his attempt at recharacterization. Kwong entitled the document "motion for extension of automatic stay pending appeal." *See* Bankr. Doc. No. 53, at 1. In the body of the motion, he "request[ed] . . . an extension of the Automatic Stay . . . pending appeal of his case to the U.S. District Court." *Id.* Indeed, in the very first words of the motion, Kwong specifically stated that the motion was made "[p]ursuant to . . . [Bankruptcy Rule] 8007" ("Stay Pending Appeal"). *Id.*; Fed. R. Bankr. P. 8007. Thus, Kwong's motion sought a stay pending appeal, not reconsideration pursuant to Bankruptcy Rule 9024.

Furthermore, even if "a mischaracterization of a [Bankruptcy Rule] 9024 motion by [a] [*pro se*] Debtor is not controlling," *In re Hill*, 305 B.R. 100, 108–09 (Bankr. M.D. Fla. 2003), nothing in Kwong's March 3, 2017 motion suggests that it could fairly be read as a motion for reconsideration. Kwong's motion did not "ask[] the bankruptcy court to alter its findings," *see In re Hoxie*, 370 B.R. 288, 291 (S.D. Cal. 2006), to "alter or amend [the] judgment," *see In re Shields*, 150 B.R. 259, 260 (D. Colo. 1993), or to "vacate [its] order of dismissal of [Kwong's] bankruptcy case." *See In re Hill*, 305 B.R. at 108. To the contrary, the motion announced that Kwong intended immediately to "appeal . . . his case to the U.S. District Court." Bankr. Doc. No. 53, at 1. Likewise, Judge Manning evidently did not think that Kwong's motion sought reconsideration of her order dismissing the case, because she promptly denied the motion without reconsidering the merits of her earlier ruling. *See* Bankr. Doc. No. 56, at 1.

Kwong asserts that he intended to move for reconsideration, and that, had he filed a separate motion pursuant to Bankruptcy Rule 9024, "he would have filed a needless redundancy of two motions seeking the same relief . . . which, upon appeal to the district court, could have potentially expanded into multi-litigated motions and respective notices of appeal." Doc. No. 14, at 8–9. To illustrate the point, Kwong includes in his present motion for reconsideration a

4

"[h]ypothetical" motion pursuant to Bankruptcy Rule 9024, which, he argues, would have "transform[ed] his cause . . . into an exponentially bifurcating expansion of corollary civil actions being simultaneously litigated within the contested jurisdictions of possibly no [fewer] than four different federal courts." *Id.* at 7, 9. Despite Kwong's concerns, however, "[t]he power of the federal courts to extend the time limits on the invocation of appellate jurisdiction is severely circumscribed," and I have no "equitable powers to alter appellate timelines" simply to "better streamline the appellate process." *See United States ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) (per curiam); *Mendes, Junior Int'l Co. v. Banco do Brasil, S.A.*, 215 F.3d 306, 312 (2d Cir. 2000) (discussing Fed. R. App. P. 4); Doc. No. 14, at 10. Kwong's sense of efficiency as a litigant cannot "confer jurisdiction on this [c]ourt" in the face of "limits enacted by Congress." *In re Indu Craft*, 749 F.3d at 113; *McAllan*, 248 F.3d at 53; *see also Bowles v. Russell*, 551 U.S. 205, 213 (2007) ("Because Congress decides whether federal courts can hear cases at all, it can also . . . prohibit[] federal courts from adjudicating an otherwise legitimate class of cases after a certain period has elapsed from final judgment.").

Kwong might intend to invoke the doctrine of "unique circumstances," which renders a "notice of appeal timely . . . 'where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done.'" *See Lichtenberg v. Besicorp Grp.*, 204 F.3d 397, 402 (2d Cir. 2000) (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179 (1989)). But Kwong does not claim (or even imply) that Judge Manning gave him "assurance[s]" that he had properly filed a motion pursuant to Bankruptcy Rule 9024. *Id.* The "doctrine of unique circumstances has no application [w]here," as here, "[a] party has simply erroneously interpreted the rules with regard to the time for appeal." *Id.* at 403 (other brackets and quotation marks

5

omitted). Moreover, "there is no indication in the record that [Kwong] shared with . . . [the] judge [his] present vision of [the Bankruptcy Rule 8007] motion as one made also under [Bankruptcy Rule 9024] or as one that would . . . extend [his] time to appeal." *See id.* As a result, "there is no basis for inferring" that Judge Manning "agree[d] to such an effect," and Kwong "has not met [his] burden of demonstrating any unique circumstances regarding [his] delay." *See id.* (motion for reargument under Local Rules did not toll time to appeal under Federal Rule of Appellate Procedure 4); *In re Ne. Mgmt. Servs.*, 267 B.R. 492, 495 (N.D.N.Y. 2001).

Finally, Kwong cannot escape the requirements of Bankruptcy Rule 8002 simply because he "is not represented by counsel." *See In re Furst*, 206 B.R. 979, 980 (Bankr. App. Panel 10th Cir. 1997). "[T]he fact that [Kwong] does not have the advice of counsel . . . does not relieve him of the responsibility to follow the same rules of procedure as represented parties." *In re Furst*, 206 B.R. at 981 (quoting *United States v. Heller*, 957 F.2d 957 F.2d 26, 32 (1st Cir. 1992)); *accord In re McDonald*, 2004 WL 2931371, at *2 (Bankr. M.D. Fla. Oct. 22, 2004) ("[*P*]*ro se* status does not excuse compliance with the Rules . . . .") (citing *In re Frontier Airlines*, 108 B.R. 277, 278 (D. Colo. 1989)). "Filing deadlines . . . necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them," but, as the Supreme Court has held, "if the concept of a filing deadline is to have any content, the deadline must be enforced." *United States v. Locke*, 471 U.S. 84, 101 (1985). I can identify nothing in Kwong's motion "that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. Hence, I again hold that Kwong's appeal was untimely and must be dismissed. *See* Fed. R. Bankr. P. 8002(a); 28 U.S.C. § 158(c)(2).

**IV.     Conclusion**

I grant Kwong's motion for reconsideration. On reconsideration, I adhere to my earlier ruling that Kwong's case must be dismissed for lack of subject matter jurisdiction.

So ordered.

Dated at Bridgeport, Connecticut, this 20th day of June 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge